United States District Court
Southern District of Texas
**ENTERED**
October 16, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEPHEN E. CROES, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-18-3583 |
| § | |
| TIMOTHY SLOAN, et al., § | |
| § | |
| Defendants. § | |

## **MEMORANDUM AND RECOMMENDATION**

Pending before the court is Plaintiff's Emergency Motion for a Temporary Restraining Order (Doc. 3). Defendants have not been served. On October 15, 2018, the court held an ex parte hearing on Plaintiff's motion. Plaintiff seeks an order restraining his eviction from his residence.

At the hearing, Plaintiff stated that he sent in his last mortgage payment in July 2017 and believed that he owned the property free of liens. Plaintiff also stated that his home was sold at a non-judicial foreclosure in 2018. Plaintiff states that he did not receive a foreclosure notice. According to Plaintiff, the house was purchased at foreclosure and the new owner filed eviction proceedings against Plaintiff. Plaintiff has received an order from a local Justice of the Peace evicting him from the property.

In the present suit, Plaintiff states that the Defendants secured the non-judicial foreclosure on the property using fraudulent or forged documents. Citing Federal Rule of Civil

Procedure 60(b), Plaintiff asks the court to set aside the foreclosure. Plaintiff also claims jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

After reading the extant pleadings, the court concludes that it lacks subject matter jurisdiction to hear the present suit. First, the Declaratory Judgment Act does not extend the court's subject matter jurisdiction, it merely enlarges the relief available in federal court. See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950). As the U.S. Supreme Court has stated, "[t]he operation of the Declaratory Judgment Act is procedural only." Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937).

Likewise, Federal Rule of Civil Procedure 60(b) does not confer subject matter jurisdiction; it is a rule addressing when, and on what grounds, relief from final judgments entered in federal court may be obtained. It does not grant federal jurisdiction to parties seeking relief from final state court judgments. Plaintiff's remedies, if any, must be pursued in state court.

In light of the foregoing, it is **RECOMMENDED** that Plaintiff's Motion for Emergency Temporary Restraining Order (Doc. 3) be **DENIED**. It is further **RECOMMENDED** that this action be **DISMISSED** for want of subject matter jurisdiction.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto

pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 16th day of October, 2018.

_____
U.S. MAGISTRATE JUDGE